IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Criminal Action No. 05-cr-00410-PSF

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAFAEL ALVAREZ-IBARRA,

    Defendant.

## ORDER

The Tenth Circuit Court of Appeals on May 31, 2006 entered an order partially remanding this case to determine whether Defendant Alvarez-Ibarra's failure to comply timely with the filing requirements of Rule 4(b)(1)(A)(i) was based on excusable neglect or good cause. Appeal No. 06-1163. The standards for so finding are relatively clear and they are not low. *See e.g. United States v. Vogl*, 374 F.3d 976, 981-82 (10th Cir. 2004); *United States v. Torres*, 372 F.3d 1159, 1161-62 (10th Cir. 2004).

The Court has held two hearings on this matter, one on September 28, 2006 and one on October 5, 2006. I find, based on the unqualified and undisputed representation of Mr. Alvarez-Ibarra, that he mailed his letter to me inquiring whether a notice of appeal was filed on his behalf to have been submitted on March 26, 2006, within the ten-day period after judgment was entered on March 21, 2006. Liberally construing his filing, I deem it to be a notice of appeal, as the Tenth Circuit apparently did in its May 31, 2006 Order. Under the prison mailbox rule, such a filing is deemed to

have occurred as of the date it was mailed as opposed to the date it was received by the Court, April 17, 2006–outside the ten-day period. *See Houston v. Lack*, 487 U.S. 266, 274-76 (1988).

However, even if this inquiry by defendant, construed to be a notice of appeal, were not subject to the prison mailbox rule given that the defendant was at that time represented in the district court by counsel and may not have technically complied with all of the requirements of that rule, I find pursuant to F.R.A.P. 4(b)(1)(A)(i) excusable neglect and good cause have been shown. The factors to consider in determining "excusable neglect or good cause" for extending the time to file a notice of appeal up to 30 days after expiration of the original deadline are set forth in *Pioneer Investment Servs. Co. v. Brunswick Assocs., L.P.*, 507 U.S. 380, 395 (1993). Besides "taking account of all relevant circumstances," they include (1) the danger of unfair prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

Here the defendant acted in good faith in attempting to process his appeal promptly. There appears to have been some communications difficulties after the sentencing between lawyer and client based on the location of defendant's incarceration and the apparent inability of his counsel to determine his whereabouts. Efforts by the defendant to communicate by telephone with Mr. Cabral were unrequited for reasons that are unclear. Mr. Cabral had no belief that there was any valid basis for an appeal, so he was not expecting an appeal request from his client. And some

communications difficulties may have arisen due to the defendant's brother acting as a interlocutor between lawyer and incarcerated client. The defendant nonetheless acted quickly to determine the status of his appeal. Finally, the government has stated no objection to allowing an appeal in these circumstances, making no attempt to show any prejudice.

Therefore, for the foregoing reasons and pursuant to F.R.A.P. 4(b)(4), I hereby find excusable neglect and good cause have been shown for the arguably late filing received by this Court within 30 days of the entry of judgment, and the defendant, currently *pro se* before the Tenth Circuit Court of Appeals, may proceed accordingly with his appeal.

DATED: October 5, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge